IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**MARCUS MUNOZ, Individually and on**          **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.               No. 7:19-cv-251

**GLADIATOR ENERGY LLC and**          **DEFENDANTS**
**STEVEN CLOY GANTT**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Marcus Munoz, individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Gladiator Energy LLC and Steven Cloy Gantt ("Defendants"), and in support thereof he does hereby state and allege as follows:

## I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Marcus Munoz ("Plaintiff"), both individually and on behalf of all other salaried Pump Operators employed by Defendants at any time within the three-year period preceding filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other salaried Pump Operators lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Plaintiff and the members of the proposed class were misclassified by Defendants as salary/exempt.

4.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II.      JURISDICTION AND VENUE

5.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.      The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

7.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.      Plaintiff is a resident and citizen of Starr County.

9.      Plaintiff worked for Defendants as a Pump Operator from approximately July of 2019 through August of 2019.

10.      Plaintiff worked for Defendants at jobsites in multiple locations in southern and western Texas.

11.      Within the relevant time period, Plaintiff was classified by Defendants as exempt from overtime wages and paid a salary and bonuses.

12.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13.     Defendant Gladiator Energy LLC ("Defendant Gladiator") is a foreign limited liability company, licensed to do business in the State of Texas.

14.     Defendant Gladiator's principal office is located at Two West 2nd Street, Suite 1250, Tulsa, Oklahoma 74103.

15.     Defendant Gladiator also operates offices in Houston and Pecos, Texas; Linden, Louisiana; and Smithton, Pennsylvania.

16.     Defendant Gladiator's registered agent for service of process is Capitol Corporate Services, Inc., 206 East 9th Street, Suite 1300, Austin, Texas 78701-4411.

17.     Defendant Steven Cloy Gantt ("Defendant Gant") is an officer of Defendant Gladiator and at all times relevant hereto, had operational control over Defendant Gladiator.

18.     At all times relevant hereto, Defendant Gant had the power to hire and fire employees of Defendant Gladiator and supervised and set wages and wage policies for Defendant Gladiator's employees.

19.     Upon information and belief, Defendant Gantt is an individual and a resident of Claiborne Parish, Louisiana.

20.     Defendants work in coil tubing completion technology and service for major unconventional areas across the United States including Eagle Ford Shale, Permian Basin, Haynesville Shale, Utica Shale, and Marcellus Shale.

21.     Defendants maintains a website at https://www.gladiatorenergy.com.

22.    Defendants are an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employers, as well as the employer of the members of the class.

23.    Defendant Gantt operates as an employer alongside Defendant Gladiator, and each had the power to hire and fire Plaintiff, supervised Plaintiff's work, and determine Plaintiff's work schedules, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

24.    Defendants acted jointly as the employers of Plaintiff and the proposed collective and are and have been engaged in interstate commerce as that term is defined under the FLSA.

25.    Defendants have operated as a single joint enterprise with unified operational control and management, as well as control over employees, including power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified control and management.

26.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

27.    Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

28.    Defendants' workers routinely use trucks, gasoline, hard hats, wrenches, and other tools in performing their job duties. Thus, its employees used, handled, sold,

and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

29.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

30.     Defendants' workers routinely use trucks, gasoline, hard hats, wrenches, and other tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## IV.     FACTUAL ALLEGATIONS

31.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

32.     Within the time period relevant to this case, Plaintiff worked for Defendants as a Pump Operator.

33.     Plaintiff's duties as a Pump Operator included working at oil well and gas well sites to assist in pumping and fracking the wells.

34.     Within the time period relevant to this case, Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendants.

35.     On average, Plaintiff and other similarly-situated employees worked over ninety (90) hours per week.  They did not receive any overtime compensation.

36.     Within the time period relevant to this case, Plaintiff and other similarly-situated employees were misclassified as exempt and paid a salary.

37.     Within the time period relevant to this case, Plaintiff and other similarly-situated employees were also paid bonuses.

38.     Plaintiff and other similarly-situated employees never agreed that their salary would be sufficient to cover all hours worked.

39.     In performing their services for Defendant, Plaintiff and other similarly-situated employees were not required to utilize any professional education relevant to their job duties.

40.     Plaintiff and other similarly-situated employees were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery at remote locations, and not in an office.

41.     During the course of their employment, Plaintiff and other similarly-situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

42.     Plaintiff and other similarly-situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiff and other similarly-situated employees had no ability to hire and fire any employee.

43.     Plaintiff and other similarly-situated employees did not have any control of or authority over any employee's rate of pay.

44.     Plaintiff and other similarly-situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

45.     Similarly, Plaintiff and other similarly-situated employees did not have any responsibility for planning or controlling budgets.

46.     Defendants did not pay Plaintiff and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

47.     Plaintiff worked for Defendants in various places in Texas, and Defendants' pay practices were the same at all locations.

48.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and its other Pump Operators violated the FLSA.

49.     To perform their job duties, at least two employees of Defendants routinely used hard hats, drilling equipment, pump equipment, lubricators, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

50.     Throughout the time relevant to this complaint, Defendants have been an enterprise engaged in interstate commerce as defined by the FLSA.

51.     Upon information and belief, Defendants knew, or showed reckless disregard for whether, its pay practices toward Plaintiff and other Pump Operators violated the FLSA.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

52.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

53.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Pump Operators who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

54.     In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

55.     Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All Salaried Pump Operators employed within the past three years.**

56.     This group includes, but is not necessarily limited to, salaried workers employed by Defendants. Defendants failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

57.     Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds ten (10) persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

58.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

59.     The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

60.     Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on text messaging and email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon text messages and email as opposed to traditional U.S. Mail.

61.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.     Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B.     Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

62.     Plaintiff alleges that Defendants failed to paid Plaintiff and members of the class an overtime rate of one and one-half times their regular rate of pay as required by the FLSA; Defendants paid Plaintiff and members of the class a salary with no overtime premium.

63.     This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

64.     Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

65.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66.     Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

67.     Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

68.     Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary, and in bad faith.

69.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

70.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

71.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

72.     Defendants required Plaintiff and the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

73.     Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

74.     Defendants' conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

75.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

76.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Marcus Munoz, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)     That Defendants be summoned to appear and answer herein;

(b)     That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

(c)     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former salaried Pump Operators;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f)     An order directing Defendants to pay Plaintiff and members of the Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g)     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARCUS MUNOZ, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARCUS MUNOZ, Individually and on behalf of All Others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff    Starr
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Josh Sanford, SANFORD LAW FIRM, PLLC, One Financial Center, 650 South Shackleford, Suite 411, Little Rock, Arkansas 72211; 501-221-0088; josh@sanfordlawfirm.com

## DEFENDANTS
GLADIATOR ENERGY LLC and STEVEN CLOY GANTT

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201 et seq.
Brief description of cause:
Unpaid overtime wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
10/24/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Josh Sanford

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE